MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING (Bar No. CA 143515)
BSeiling@manatt.com
BRANDON WONG (Bar No. CA 327372)
BWong@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

Attorneys for Defendant
RECKITT BENCKISER, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TINAMARIE BARRALES, DAVID FRANKLE, STACY PENNING, and MARIA SANTACRUZ , individually, on behalf of themselves, the general public, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECKITT BENCKISER, LLC,<br><br>Defendant. | Case No. 5-25-cv-10643-BLF<br><br>**DEFENDANT RECKITT BENCKISER LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b), (f)]<br><br>Date: June 25, 2026<br>Time: 9:00 a.m.<br>Courtroom: 2<br><br>Complaint Filed: December 12, 2025<br>Trial Date: None Set |

## TABLE OF CONTENTS


I. INTRODUCTION. ....... 1

II. PLAINTIFFS LACK ARTICLE III STANDING. ....... 1

A. Plaintiffs Do Not Allege a Legally Protected Privacy Interest. ....... 1

B. Plaintiffs' Opposition Arguments Fail to Establish They Suffered Concrete Injuries ....... 2

C. Barrales Cannot Establish Standing with Respect to the Enfamil Website. ....... 4

III. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT. ....... 4

A. Prong One: Plaintiffs Fail to Establish Purposeful Direction Under the *Calder* Test. ....... 4

1. Plaintiffs Fail to Establish that Defendant Expressly Aimed its Alleged Conduct to California. ....... 5

2. Plaintiffs Fail to Establish that It Was Foreseeable that Defendant's Alleged Conduct Would Harm California Residents. ....... 6

B. Prong Two: Plaintiffs Fail to Demonstrate that Their Claims Arise Out of Defendant's Alleged Contacts with California. ....... 7

C. Prong Three: Exercising Jurisdiction Over Defendant in California Would offend Traditional Notions of Fair Play and Substantial Justice. ....... 7

IV. PLAINTIFFS FAIL TO STATE CIPA CLAIMS AGAINST DEFENDANT. ....... 8

A. Plaintiffs' CIPA Claims Are Time-Barred—End of Story. ....... 8

B. CIPA Does Not Apply to Online Tracking Technologies. ....... 9

C. Plaintiffs' Section 638.51 Claim Fails, Even if It Was Filed Timely. ....... 10

D. Plaintiffs' Section 631 Claim Fails, Even If It Was Filed Timely. ....... 10

E. Plaintiffs' Fail to Plead Their Common Law Fraud Claim. ....... 11

F. Plaintiffs Fail to Plead Invasion of Privacy. ....... 12

G. Plaintiffs' Intrusion Upon Seclusion Claims Fail. ....... 13

H. Plaintiffs Fail to Plead Punitive Damages. ....... 14

I. Plaintiffs' Unjust Enrichment Claims Fail with their Defective Fraud Claim. ....... 15

V. THE COURT SHOULD GRANT DEFENDANT'S MOTION TO STRIKE. ....... 15

V. CONCLUSION. ....... 15

## TABLE OF AUTHORITIES

### CASES

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014) .......... 9

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015) .......... 15

*B.K. v. Desert Care Network*, No. 23-CV-05021, 2024 WL 1343305 (C.D. Cal. Feb. 1, 2024) .......... 15

*Blake v. Dierdorff*, 856 F.2d 1365 (9th Cir. 1988) .......... 12

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) .......... 4, 5, 6, 7

*Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) .......... 8

*Casillas v. Six Flags Entm't Corp.*, 812 F. Supp. 3d 1016 (C.D. Cal. 2025) .......... 5

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .......... 4

*Crowder v. Shade Store, LLC*, No. 23-CV-02331-NC, 2024 WL 4868313 (N.D. Cal. June 26, 2024) .......... 14

*Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109 (N.D. Cal. 2025) .......... 9

*Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934 (S.D. Cal. 2024) .......... 13

*Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986 (2011), *as modified* (June 7, 2011) .......... 13, 14

*Fredenberg v. City of Fremont*, 119 Cal. App. 4th 408 (2004) .......... 14

*Garcia v. Anschutz Entm't Grp., Inc.*, --- F. Supp. 3d ---, 2026 WL 1278912 (C.D. Cal. May 5, 2026) .......... 4

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101 (9th Cir. 2020) .......... 6

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) .......... 8

*Hammerling v. Google LLC*, 615 F. Supp. 3d 1069 (N.D. Cal. 2022) .......... 13, 14, 15

*Hamzeh v. Pharmavite, LLC*, No. 24-CV-00472-HSG, 2025 WL 621891 (N.D. Cal. Feb. 26, 2025) .......... 15

*Heiting v. Marriot Int'l, Inc.*, 743 F. Supp. 3d 11163 (C.D. Cal. 2024) .......... 8

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ........ 12

*Hoang v. Bank of Am., N.A.*,
910 F.3d 1096, 1103 (9th Cir. 2018) ........ 8

*Hornsby v. Lufthansa German Airlines*,
593 F. Supp. 2d 1132 (C.D. Cal. 2009) ........ 4

*In re Apple Data Privacy Litig.*,
No. 5:22-CV-07069-EJD, 2026 WL 146025 (N.D. Cal. Jan. 20, 2026) ........ 10

*In re Facebook*,
856 F.3d at 601 ........ 3

*In re Facebook, Inc.*,
956 F.3d at 610 ........ 6, 12

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) (Freeman, J.) ........ 9

*In re Google Location History Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ........ 13

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2015) ........ 1, 12

*Inc. v. Cybersell, Inc.*,
130 F.3d 414 (9th Cir. 1997) ........ 5

*Jager v. Davol Inc.*,
No. EDCV161424GBKKX, 2016 WL 6157942 (C.D. Cal. Oct. 20, 2016) ........ 14

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) ........ 11

*Jeong v. Nexo Fin. LLC*,
No. 21-CV-02392-BLF, 2022 WL 174236 (N.D. Cal. Jan. 19, 2022) (Freeman, J.) ........ 2

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ........ 11

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 13, 14

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ........ 6

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) ........ 13

*Mikulsky v. Bloomingdale's LLC*,
No. 3:23-CV-00425-L-VET, 2024 WL 3091395 (S.D. Cal. May 14, 2024), *rev'd on other grounds*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025) ........ 14

*Mikulsky v. Noom, Inc.*,
82 F. Supp. 3d 855 (S.D. Cal. 2023) ........ 1

*Milkulsky v. Noom*,
No. 3:23-CV-00285-H-MSB, 2024 WL 251171 (S.D. Cal. Jan. 22, 2024) ........ 3

*Moody v. Textron Inc.*,
No. 2:25-CV-01032-MWC-E, 2025 WL 2828109 (C.D. Cal. Sept. 24, 2025) ........................6

*Nasrawi v. Buck Consultants LLC*,
131 Cal. App. 4th 328 (2014) ........................11

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981) ........................8

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........................1, 2, 3

*Price v. Converse, Inc.*,
805 F. Supp. 3d 1102 (C.D. Cal. 2025) ........................3

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) ........................10

*Roberts v. Corrothers*,
812 F.2d 1173 (9th Cir. 1987) ........................4

*Rodriguez v. Culligan Int'l Co.*,
No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) ........................2

*Rogers v. Ulrich*,
52 Cal. App. 3d 894 (1975) ........................13

*Rounds v. Case-Mate Inc.*,
No. 2:24-CV-08531-WLH-RAO, 2025 WL 1873999 (C.D. Cal. July 2, 2025) ........................8

*Ruhnke v. Skinmedica, Inc.*,
No. SACV140420DOCJPRX, 2014 WL 12577172 (C.D. Cal. Sept. 5, 2014) ........................14

*Russell v. Rolfs*,
893 F.2d 1033 (9th Cir. 1990) ........................9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ........................7

*Smith v. Union Bank of Georgetown*,
30 U.S. (5 Pet.) 518 (1831) ........................7

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293, 1298 (9th Cir. 1998) ........................8

*United States v. Jones*,
565 U.S. 400 (2012) (Sotomayor, J., concurring) ........................13

*Variety Media, LLC v. Super. Ct. of L.A. Cty.*,
Case No. B350578 (filed Nov. 21, 2025) ........................10

*Walsh v. Dollar Tree Stores, Inc.*,
No. 25-CV-01601-SVK, 2025 WL 2939229 (N.D. Cal. Oct. 16, 2025) ........................1

*Wooten v. Biolife Plasma Servs. L.P.*,
807 F. Supp. 3d 1139 (E.D. Cal. 2025) ........................3

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........................13

## STATUTES

Cal. Code Civ. Proc. § 338(d) ........ 12
Cal. Code Civ. Proc. § 340(a) ........ 8
Cal. Penal Code § 631 ........ 9, 10
Cal. Penal Code § 638.51 ........ 10
Cal. Penal Code § 638.59(b) ........ 10
Cal. Penal Code § 638.59(c) ........ 10

## RULES

Fed. R. Evid. § 201(b) ........ 10
Federal Rule 9(b) ........ 11, 12, 15

## I. INTRODUCTION.

Defendant's legal arguments in support of its motion to dismiss are not "tired technicalities," as Plaintiffs argue. To the contrary, Defendant has raised numerous fundamental and fatal defects that go to the heart of the Court's jurisdiction to adjudicate this case and to the timeliness and viability of Plaintiffs' claims. The Court can dismiss these claims on jurisdictional grounds or on the merits. Either way, Plaintiffs have failed to allege any claim against Defendant, and the Court should dismiss the Complaint.

## II. PLAINTIFFS LACK ARTICLE III STANDING.

The fundamental problem with Plaintiffs' standing arguments is that none of the Plaintiffs allege that their communications were tracked after they encountered the cookie banner that allegedly did not honor their requests to "Disable All" cookies. None of the Plaintiffs allege that they navigated through Defendant's Websites after clicking the Disable All button, let alone communicated any sensitive or private information to the sites that any third-party tracking software used for any purposes. The numerous screenshots copied into the Complaint do not purport to represent any Plaintiff's communications or interactions with any of Defendant's websites. These named Plaintiffs must establish that they have standing to sue. The allegations simply do not show that. That pleading failure infects all Plaintiffs' standing arguments.

### A. Plaintiffs Do Not Allege a Legally Protected Privacy Interest.

Plaintiffs fail to allege "a legally protected privacy interest based on the nature of the information at issue." *Mikulsky v. Noom, Inc.*, 82 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (quoting *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1040 (N.D. Cal. 2015)). The categories of information Defendant allegedly collected are similar to the "over 30 different categories" of information that the Ninth Circuit found contained "no embarrassing, invasive, or otherwise private information . . . ." that would give rise to Article III standing. *Popa v. Microsoft Corp.*, 153 F.4th 784, 786, 791 (9th Cir. 2025).

*Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601-SVK, 2025 WL 2939229, at *10 (N.D. Cal. Oct. 16, 2025)—which involved allegations that the defendant unlawfully collected users' "shopping behaviors"—does not support Article III standing, as Plaintiffs argue. Defendants' Websites are informational sites, not e-commerce sites that allow purchases. *See* Declaration of Arturo Petrozza ("Petrozza Decl.") ¶ 2. So, Defendant could not collect shopping preferences of website visitors.

As for Plaintiffs' supposed "searches involving sex and infant health," (Opp'n at 6:18-19), the Complaint does not even allege that Plaintiffs conducted those searches when they visited Defendant's websites. It is, in fact, unclear ***who*** conducted those searches. *See* Compl. ¶¶ 43 (employing the passive voice "the test string 'purple-condom-test-string' **was sent** to Snapchat along with cookie data . . . .") (emphasis added); 44 (alleging that "**the Enfamil Website sent** the test query "is-my-baby-healthy-test-string" to Google Analytics, along with cookie and other data . . . .") (emphasis added). *See generally* Compl. ¶¶ 113–122 (no allegations that Frankle entered any search queries on the Durex website); 103–112 (no allegations that Barrales entered any search queries on the Enfamil website).

Even assuming Plaintiffs conducted those searches (as opposed to Plaintiffs' counsel in their diligence prior to filing the case), Plaintiff does not explain why the collected information should be viewed any differently than if a "store clerk[] observ[ed] shoppers" viewing such products in a store. *Popa*, 153 F.4th at 791.

Finally, Plaintiffs emphasize Defendant's alleged representation that users could disable cookies. (Opp'n 7:6-25.) But Plaintiffs fail to address the fact that their allegations do not show that they entered any personal information or even navigated Defendant's websites after Defendant allegedly did not honor their request to disable cookies. This is an important omission because the nature of the information collected is dispositive. If, for example, the only information collected by a Third Party was Plaintiffs' IP address or other generic information, Plaintiffs would have no privacy interest. *Rodriguez v. Culligan Int'l Co.*, No. 25-CV-00225-AJB-KSC, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) (website user does not have a reasonable expectation of privacy in her "IP address, operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature - as well as the connections between them").

### B. Plaintiffs' Opposition Arguments Fail to Establish They Suffered Concrete Injuries

Plaintiffs' argument that they were injured because Defendant allegedly "br[oke] its promise" to Plaintiffs is not a concrete injury for standing purposes. (Opp'n 8:5-6.) Merely breaking a promise does not amount to an injury; there must be an injury that results from the broken promise. *Jeong v. Nexo Fin. LLC*, No. 21-CV-02392-BLF, 2022 WL 174236, at *6 (N.D. Cal. Jan. 19, 2022) (Freeman, J.) ("This

Court has previously held that a breach of contract alone is also not sufficient to show concrete injury—a plaintiff must also show an injury-in-fact.”).

Plaintiffs have no response to Defendant’s argument that Plaintiffs failed to plead any purported harm “in the form of diminution of the value of their private and personally identifiable information and communications” (Compl. ¶ 208) because they pleaded neither the existence of a market for their personal information, nor any impairment of their ability to participate in that market. (Mot. 15:16-24).

Plaintiffs’ unjust enrichment theory is deficient because “to establish standing” to “maintain an entitlement to unjustly earned profits . . . Plaintiffs must allege they retain a stake in the profits garnered from” their personal information. *In re Facebook*, 856 F.3d at 601. Plaintiffs do not allege that they retain a stake in Defendant’s profits allegedly garnered from their personal information. (*See* Compl. ¶¶ 102, 215–224.) Moreover, Plaintiffs fail to allege that their own information even has financial value and instead point to generalized statements about personal data. (*See* Compl. ¶¶ 100–101.)

Plaintiffs’ remaining theories of injury are insufficient because the information allegedly collected is not the “embarrassing, invasive, or otherwise private information” of the type that gives rise to concrete harms historically actionable at common law. *Popa,* 153 F.4th at 791. Plaintiffs have not alleged the collection of, for example, bank records, payment information, names, or email addresses. *See, e.g.*, *Milkulsky v. Noom*, No. 3:23-CV-00285-H-MSB, 2024 WL 251171, at *5 (S.D. Cal. Jan. 22, 2024) (“Plaintiff’s activity on Defendant’s website was basically anonymous” because she did not enter “her name, email address, credit card details, or other contact information on Defendant’s Website”).

Plaintiffs attempt to distinguish *Popa* by arguing that *Popa* concerned session replay software not at issue in this case. (Opp’n 8:18-26.) Nothing in *Popa* indicates that its holding was limited to any particular technology. District courts applying *Popa* have continued to dismiss CIPA claims for lack of standing, where, as here, the information allegedly collected is not private. *See, e.g.*, *Price v. Converse, Inc.*, 805 F. Supp. 3d 1102, 1104–05 (C.D. Cal. 2025) (following *Popa* and dismissing CIPA complaint for lack of standing, because the alleged data collection via device “fingerprinting” did not constitute the type of “highly offensive” invasion of privacy recognized by courts under Article III and thus the allegations failed to show any “concrete injury”); *Wooten v. Biolife Plasma Servs. L.P.*, 807 F. Supp. 3d 1139, 1143–45 (E.D. Cal. 2025) (following *Popa* and dismissing CIPA claims for lack of standing based

on alleged disclosure of email addresses and IP addresses).

Finally, even if Plaintiffs have established standing for monetary relief, they have failed to establish standing for injunctive relief, which requires showing a likelihood that Plaintiffs will be similarly injured again by Defendant. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). All Plaintiffs have disclaimed visiting Defendant's websites until Defendant reprograms the Websites. *See* Compl. ¶¶ 112 (Barrales), 122 (Frankle), 132 (Penning), 141 (Santacruz). Plaintiffs have thus not established that they will suffer a similar future injury. *See Garcia v. Anschutz Entm't Grp., Inc.*, --- F. Supp. 3d --- , 2026 WL 1278912, at *4 (C.D. Cal. May 5, 2026) (granting motion to dismiss where "Plaintiff specifically notes that she 'would likely browse the Website again in the future, but will not do so until then'").

### C. <u>Barrales Cannot Establish Standing with Respect to the Enfamil Website.</u>

Plaintiffs' sole argument in opposition to Defendant's challenge to Barrales' standing is that the Petrozza Declaration is not properly subject to judicial notice. (Opp'n 9:20-21.) Defendant is not asking the Court to take judicial notice of the Petrozza Declaration. "In deciding a 12(b)(1) motion, a court is not limited to the allegations in the complaint but may also consider extrinsic evidence." *See Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135 (C.D. Cal. 2009) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). The Petrozza Declaration is competent extrinsic *evidence* establishing that Defendant "has never owned or operated enfamil.com at any time." Petrozza Decl. ¶ 3. Barrales cannot sue Defendant based on a visit to a website Defendant didn't own.

All Plaintiffs lack standing. The Court should dismiss on that basis alone.

## III. <u>THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT.</u>

The parties agree that general jurisdiction is not an issue. Plaintiffs have failed to meet their burden of showing the Court can exercise specific jurisdiction over Defendant based on the conduct alleged in the Complaint under the three-prong test for evaluating specific jurisdiction.

### A. <u>Prong One: Plaintiffs Fail to Establish Purposeful Direction Under the *Calder* Test.</u>

The "*Calder* effects test" "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750–51 (9th Cir. 2025). Plaintiffs fail to satisfy the second and third prongs of the *Calder* effects test.

**1. Plaintiffs Fail to Establish that Defendant Expressly Aimed its Alleged Conduct to California.**

Plaintiffs argue that *Briskin* is dispositive on the express aiming question. (Opp'n 11:1-12.) But *Briskin* is factually distinguishable. In *Briskin*, the Court held that "Shopify allegedly knew the location of consumers like Briskin either prior or shortly after installing its initial tracking software onto their devices" based on allegations that "Shopify knew that the consumer is in California because it actually transacts the payment process because its software secures geolocation information when the consumer clicks on an item to simply view it on [a merchant's] website." *Briskin*, 145 F.4th at 756 & n.13. Here, by contrast, there is no allegation that Plaintiffs made purchases from Defendant's Websites, and the evidence establishes that they couldn't. Petrozza Decl. ¶ 2. Instead, Plaintiffs merely allege that "Defendant knew the locations of consumers like Plaintiffs and the Class members" because it placed "cookies on their devices." (Compl. ¶ 97). Plaintiffs' conclusory allegations that Defendant "targeted California consumers" and "knew the location of consumers like Plaintiffs . . . either prior to or shortly after causing the Third Parties to use cookies on their devices" (Compl. ¶ 97) are not sufficient to establish express aiming.

In addition, *Briskin* acknowledged that its holding was consistent with prior case law and did not "go further and disavow *Cybersell*[*, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)]'s requirement of 'something more'" "than mere passive nationwide accessibility was required to show express aiming at the forum state and, thus, satisfy due process . . . ." *Id.* at 752, 758 n.16; *see also id.* at 768 (Collins, J., concurring) (noting that *Briskin* "reaffirms our long-stated 'something more' requirement"). District courts continue to recognize this post-*Briskin*. *E.g.*, *Casillas v. Six Flags Entm't Corp.*, 812 F. Supp. 3d 1016, 1025 (C.D. Cal. 2025).

Here, Plaintiffs have failed to allege the "something more" needed to show express aiming at California. Plaintiffs do not allege that they purchased any goods or services on the informational websites, which are not targeted to California residents. The Complaint confirms that anyone with an Internet connection can visit the Defendants' Websites. In short, Plaintiffs' interactions with the websites at issue are nothing more than "random, isolated, or fortuitous." *Briskin*, 135 F.4th at 758.

Plaintiffs' argument that Defendant "purposefully availed itself of the privilege of conducting business in California" (*see* Opp'n 11:13-14) is wrong for several reasons. Courts must apply either a

"purposeful availment" or "purposeful direction" test, not both. *Moody v. Textron Inc.*, No. 2:25-CV-01032-MWC-E, 2025 WL 2828109, at *3 (C.D. Cal. Sept. 24, 2025) (quoting *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020)). Torts like those alleged here require the purposeful direction analysis. *Id*. And, as Plaintiffs note, "purposeful availment" is better suited to contract claims, which Plaintiffs don't allege. *Glob. Commodities*, 972 F.3d at 1107.

Contrary to Plaintiffs' allegations, Defendant's websites are informational, not e-commerce sites. Petrozza Decl. ¶ 2. Courts may not assume the truth of allegations in a pleading that are contradicted by affidavit. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Defendant therefore did not purposefully avail itself of the California market, unlike the defendant in *Briskin*.

Finally, Plaintiffs' argument that Defendant's Privacy Policy was an enforceable promise with Californians (*see* Opp'n 11:22-26) is legally incorrect. *In re Facebook, Inc.*, 956 F.3d at 610 ("[T]he Privacy and Data Use Policies do not outline shared commitments to which users must abide. For a contract to exist, there must be an exchange for a promise."). Plaintiffs allege no corresponding commitments to which users must abide for Defendant's Privacy Policy to be an enforceable contract.

**2. Plaintiffs Fail to Establish that It Was Foreseeable that Defendant's Alleged Conduct Would Harm California Residents.**

Plaintiffs fail to establish that Defendant knew, or had any reason to know, that the alleged websites would cause any harm in California. Plaintiffs emphasize that any harm was foreseeable because Defendant's websites allow users to search for locations where its products are sold. (Opp'n 12:10-12.) That alone cannot be sufficient to establish foreseeability, as any website visitor could use the search bar, making any interactions "random, isolated, or fortuitous." *See Briskin*, 135 F.4th at 758. Plaintiffs do not allege that they ever used the search bar in any event. *See generally* Compl. ¶¶ 103–141.

Plaintiffs also argue, without citation, that Defendant cannot claim lack of foreseeable harm because the Third Parties could track Plaintiffs' California-specific data. (Opp'n 12:26–13:2.) But as Defendant argued in its opening brief, the Complaint does not allege that Defendant knew or had any reason to know that the websites would cause harm in California. (Mot. 19:14-15.) Nor did Plaintiffs allege that Defendant had access to Plaintiffs' geolocation data.

Plaintiffs' only remaining argument is that their claims arise out of Defendant's contact with their

devices, which were in California at the time they browsed the websites. (Opp'n 13:3-7.) But as noted *supra*, Plaintiffs' "random, isolated, or fortuitous" interactions with Defendant's Websites, on their own, cannot establish that Defendant foresaw the nature of the harm claimed would occur in California.

**B. <u>Prong Two: Plaintiffs Fail to Demonstrate that Their Claims Arise Out of Defendant's Alleged Contacts with California.</u>**

Plaintiffs' claims do not arise out of or relate to Defendant's alleged contacts with California. Even assuming Plaintiffs visited Defendant's websites while in California, that is not sufficient. In *Briskin*, the Court determined that the plaintiff's claims "'ar[o]se out of' Shopify's contact with Briskin's device, which Shopify allegedly knew was in California" and that they "'relate[d] to' Shopify's California contacts because Briskin allege[d] the kind of injury that would 'tend to be caused' by Shopify's contacts with California merchants and consumers." *Briskin*, 135 F.4th at 761. Here, as already explained, Plaintiffs only offer conclusory allegations that Defendant knew that Plaintiffs were in California.

**C. <u>Prong Three: Exercising Jurisdiction Over Defendant in California Would offend Traditional Notions of Fair Play and Substantial Justice.</u>**

Assuming Plaintiffs met their burden under the other prongs required to establish specific jurisdiction, there is a "compelling case" that jurisdiction in California is not reasonable and would "offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801–02 (9th Cir. 2004) (citation omitted).

First, Plaintiff failed to establish that Defendant purposefully directed its activities at California.

Second, competing sovereign interests between California and Defendant's home state of New Jersey and incorporation state of Delaware counsels against jurisdiction. *Smith v. Union Bank of Georgetown*, 30 U.S. (5 Pet.) 518, 526 (1831) ("The obligation of the sovereign to enforce his own laws, and protect his own subjects, is acknowledged to be paramount.").

Third, the burden on Defendant from litigating in California is not inconsequential. The Northern District is across the country from Defendant's New Jersey headquarters, where most of the relevant documents, discoverable information, and witnesses reside. *See* Petrozza Decl. ¶ 4.

Fourth, the most efficient judicial resolution would be in either Delaware or New Jersey. Petrozza Decl. ¶ 4. Plaintiffs' contention that Third Parties like Google and Meta are headquartered in the Northern

District (*see* Opp'n 13:25-26) is a red herring because Plaintiffs chose not to sue them. *Rounds v. Case-Mate Inc.*, No. 2:24-CV-08531-WLH-RAO, 2025 WL 1873999, at *7 (C.D. Cal. July 2, 2025) ("[W]here TikTok has its headquarters is irrelevant, as it is not a party to this action."); *Heiting v. Marriot Int'l, Inc.*, 743 F. Supp. 3d 11163, 1170 (C.D. Cal. 2024) ("Salesforce is not a defendant in this lawsuit, [so] [plaintiff's] arguments regarding third-party connections to the forum are similarly insufficient.").

Fifth, the forum is irrelevant to Plaintiffs' interest in convenient and effective relief because the primary focus in class actions is on the conduct of the defendant.

Finally, Plaintiffs argue, without citation, that Defendant is obliged to explain *how* Delaware or New Jersey are adequate alternative forums. Even assuming Defendant has that burden, it is easily met. *Cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) ("Ordinarily, this requirement [whether an alternative forum is adequate] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947))). Defendant is subject to general jurisdiction in both fora. That is all that is required.

The Court lacks specific jurisdiction over Defendant in this case.

## IV. PLAINTIFFS FAIL TO STATE CIPA CLAIMS AGAINST DEFENDANT.

### A. Plaintiffs' CIPA Claims Are Time-Barred—End of Story.

Plaintiffs concede that it is proper to raise a statute of limitations defense to a complaint where the defect appears on the face of the complaint. (Opp'n 14:10-12.) That's the case here. Plaintiffs' own allegations establish that they notified Defendant about alleged CIPA and other privacy violations on March 29, 2024 (*see* Compl. at 1 n.1), more than a year before they sued. Cal. Code Civ. Proc. § 340(a); *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) ("Under the CIPA, the applicable statute of limitations is one year."). The CIPA claims are time-barred on the face of the complaint.

Plaintiffs do not suggest how they could amend their Complaint to avoid this fatal defect. *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018) ("[L]eave to amend need not be granted when 'any amendment would be an exercise in futility,' such as when the claims are barred by the applicable statute of limitations." (citation omitted) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998))). Any attempt to bring their CIPA claims within the one-year statute of limitations would contradict their allegations regarding their Plaintiffs' unwillingness to visit Defendant's

Websites until they had been reprogrammed. *See, e.g.*, Compl. ¶¶ 112 (Barrales), 122 (Frankle), 132 (Penning), 141 (Santacruz). Thus, amendment would be futile. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990))). The Court should dismiss Plaintiffs' facially time-barred CIPA claims with prejudice.

**B. <u>CIPA Does Not Apply to Online Tracking Technologies.</u>**

Plaintiffs do not engage with the merits of Defendant's argument that CIPA does not apply to online tracking technologies based on the history of the statutes, the Legislature's failure to address online conduct in multiple amendments, and the Legislature's recent enactment of legislation expressly addressing Internet tracking technologies. (Mot. 23:1–27:2.) Instead, as Defendant predicted (Mot. 26 n.3), Plaintiffs rely on an unpublished Ninth Circuit memorandum opinion and nonbinding district court cases without any analysis of the complicated statutory construction issues. (Opp'n 14:24-27.)

Defendant does not dispute that there is a split of authority on the issue with no binding state or federal appellate precedent to guide trial courts. But courts are beginning to understand the difficulties of applying old statutes to new technologies. *See Doe v. Eating Recovery Ctr. LLC*, 806 F. Supp. 3d 1109, 1112 (N.D. Cal. 2025) ("The language of CIPA is a total mess. It was a mess from the get-go, but the mess gets bigger and bigger as the world continues to change and as courts are called upon to apply CIPA's already-obtuse language to new technologies. Indeed, we have reached the point where it's often borderline impossible to determine whether a defendant's online conduct fits within the language of the statute."); *cf. In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (Freeman, J.) (analyzing the text of section 631 and acknowledging that "the question of whether a defendant may be liable under § 631(a) for reading or attempting to read communications not sent over a wire, line or cable does not appear to have been squarely considered by other courts").

This uncertainty is precisely why the rule of lenity should apply here. *See Eating Recovery*, 806 F. Supp. 3d at 1112 ("CIPA is a criminal statute. When courts are called upon to interpret ambiguous criminal statutes in California, the rule of lenity applies—**<u>even where the statute is being invoked in a civil action</u>**.") (emphasis added). On Plaintiffs' own terms, the rule of lenity applies because there is indeed a

"grievous ambiguity or uncertainty" about whether CIPA, a pre-Internet statute passed in 1967, applies to modern Internet technologies. (Opp'n 15:22-26.)

Clarity may soon come to this area. Pending at the California Court of Appeal, Second Appellate District is a writ petition concerning whether Penal Code § 638.51 applies to online tracking software alleged in the Complaint. *See generally Variety Media, LLC v. Super. Ct. of L.A. Cty.*, Case No. B350578 (filed Nov. 21, 2025). Defendant requests judicial notice of the Court of Appeal's order accepting jurisdiction over the *Variety* writ petition (attached as **Exhibit A**) and appellate docket (**Exhibit B**) because they're court records the existence of which is a fact that is "not subject to reasonable dispute." FED. R. EVID. § 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). The resulting decision may also impact CIPA claims under Penal Code § 631 if it is determined that CIPA generally does not apply to Internet technologies. If the Court has residual questions about CIPA's applicability to online tracking, Defendant suggests that the Court defer ruling on the CIPA motion until the Court of Appeal publishes its decision. Of course, the Court could also navigate out of this legal morass by simply dismissing Plaintiffs' facially time-barred CIPA claims with prejudice and leave the issue for another day.

### C. Plaintiffs' Section 638.51 Claim Fails, Even if It Was Filed Timely.

Plaintiffs' argument that Defendant's and the Third Parties' cookies are a "process" under section 638.51 misses the point. (Opp'n 16:6-10.) Defendant's Motion argues that the cookies cannot be trap and trace devices or pen registers because, based on Plaintiffs' own allegations, the "cookies and software code" are capturing the "the contents of a communication." Cal. Penal Code § 638.59(b), (c). *See* Compl. ¶ 42 ("Instead, the software on the Website caused **the contents of the communication** to be intercepted while in transit.") (emphasis added); *see also id*. ¶¶ 43–44. This dooms their section 638.51 claim. *See In re Apple Data Privacy Litig.*, No. 5:22-CV-07069-EJD, 2026 WL 146025, at *4–5 (N.D. Cal. Jan. 20, 2026) (dismissing section 638.51 claims where plaintiffs pleaded that defendant recorded both the contents of their "communications" and "routing, addressing, or signaling information" by incorporating by reference and re-alleging their prior allegations).

### D. Plaintiffs' Section 631 Claim Fails, Even If It Was Filed Timely.

Plaintiffs do not dispute that Defendant can only be liable under section 631 under an aiding and

abetting theory. (Opp'n 17:11-12.) That means Defendant is liable only if: 1) it knew that other parties were violating CIPA; and 2) substantially assisted those violations. *Nasrawi v. Buck Consultants LLC*, 131 Cal. App. 4th 328, 343–44 (2014). Plaintiffs' opposition merely repeats conclusory allegations from the Complaint and claims that they are not so. (Mot. 29:2-9; Opp'n 17:13-18.) That is insufficient.

Plaintiffs fail to cite any binding appellate authorities suggesting a different aiding and abetting standard applies to CIPA claims. Instead, Plaintiffs cite a single district court case for the proposition that the requisite intent for CIPA aiding and abetting liability can be "inferred" from the alleged existence of a contract between a defendant and a third party to "provide such services" (*i.e.*, interceptions) "so that [defendant] could market to and attract new customers." *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 954 (N.D. Cal. 2023) (italics omitted). *Disney* is distinguishable because it featured express allegations about a "contractual arrangement" with third-party Oracle to "intercept communications between [Disney] and visitors to the ESPN website through a contractual website." *Id.* (quoting *Disney* Compl. ¶ 33).

Here, by contrast, Plaintiffs' allegations about any supposed agreements are internally contradictory. *E.g.*, Compl. ¶ 19 (noting that "Defendant **voluntarily integrated** 'third-party resources' from the Third Parties into its Websites' programming," yet claiming Defendant's use of such resources "was and is done pursuant to agreements between Defendant and those Third Parties") (emphasis added). These allegations do not establish that Defendant knew the Third Parties allegedly were violating CIPA, which is what Plaintiffs need to show to establish aiding and abetting liability. To the contrary, the allegations suggest that the Third Parties were acting as a mere extension of Defendant's own operations and not a separate interceptor.

**E. Plaintiffs' Fail to Plead Their Common Law Fraud Claim.**

State law fraud claims must satisfy Federal Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Plaintiffs failed to plead the "when . . . of the misconduct alleged," and therefore fail to provide Defendant with adequate notice to defend against their common law fraud claims. *Id.* at 1126. Plaintiffs allege only that they visited some of the alleged websites at some unspecified point or points in the last four years, and that, despite Plaintiffs opting out of certain cookies, "Defendant nonetheless caused cookies . . . to be sent to Plaintiffs and other visitors' browsers, stored on their devices, and transmitted to the Third Parties along with user data." (Compl. ¶¶ 3, 103, 113, 123, 133.) But

allegations about website visits at some unspecified point within the last "four years" do not establish that Plaintiffs visited those sites within California's ***three-year*** statute of limitations for fraud. *See* Cal. Code Civ. Proc. § 338(d). Defendant has no way of knowing whether Plaintiffs' fraud claims are time-barred. This concern is only heightened given Plaintiffs' nineteen-month delay in bringing the case to court after notifying Defendant of their alleged claims.

*Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) does not ease Plaintiffs' burden under Rule 9(b). *Blake* found that a plaintiff met the requirements of Rule 9(b) for a fraud claim involving misrepresentations in corporate reports where the plaintiff alleged "in nineteen separate paragraphs, the date of each of these publications, specific descriptions of the representations made, the reasons for their falsity, and, where possible, the role of the individual defendants in preparation and dissemination." *Blake*, 856 F.2d at 1369. By contrast, Plaintiffs failed to allege the date of their visits to the Websites. This is not a matter outside of Plaintiffs' control; only they know when they accessed the Websites giving rise to their claims. Yet, they conspicuously omitted those facts from the Complaint.

In addition, Plaintiffs failed to plead the "resulting damage" element of their fraud claim. Plaintiffs claim otherwise, citing a background section of their brief. (Opp'n 18:25-28 (citing Opp'n 4:28–5:6).) But the allegations in that background section lack allegations about the Plaintiffs *themselves* and are merely general allegations about theoretical harms. This fails Rule 9(b)'s heightened pleading standard.

### F. <u>**Plaintiffs Fail to Plead Invasion of Privacy.**</u>

Plaintiffs do not appear to argue that they have a legally protected privacy interest. (*See generally* Opp'n 19:20–20:18.) Because a legally protected privacy interest is an essential element of an invasion of privacy claim, *see Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39–40 (1994), that absence alone is sufficient to dismiss the claim. Neither have Plaintiffs pleaded the reasonable expectation of privacy element of their claim in light of non-sensitive information being disclosed. (*See supra*, section I.A-B.)

In addition, nothing about Defendant's alleged conduct is "highly offensive." "[T]he highly offensive analysis focuses on the degree to which the intrusion is unacceptable as a matter of public policy." *In re Facebook, Inc.*., 956 F.3d at 606 (citing *Hernandez v. Hillsides*, Inc., 47 Cal. 4th 272, 287 (2009)). To satisfy this element, Plaintiffs must plead an "egregious breach of social norms." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1038. Plaintiffs attempt to avoid dismissal by arguing the "highly offensive"

analysis requires intensive factual analysis. (Opp'n 21:9-12.) But none is required, because "routine commercial behavior" of the kind involved here has already been determined by courts in this circuit not to be offensive. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) ("Courts in this district have held that data collection and disclosure to third parties that is routine commercial behavior is not a highly offensive intrusion of privacy."); *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011), *as modified* (June 7, 2011) (routine commercial behavior is not an egregious breach of social norms); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) (disclosure of personal information, like social security numbers, was not an "egregious breach of the social norms").

Finally, Plaintiffs' reliance on Justice Sotomayor's concurrence in *United States v. Jones*, 565 U.S. 400, 418 (2012) (Sotomayor, J., concurring)—a case concerning whether the Fourth Amendment's protections applied with respect to a GPS tracker surreptitiously placed on the defendant's vehicle—provides no insight into Plaintiffs' California common law invasion of privacy claim.

### G. <u>Plaintiffs' Intrusion Upon Seclusion Claims Fail.</u>

Intrusion upon seclusion claims require a plaintiff to show that (1) a defendant 'intentionally intrude[d] into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy[,]' and (2) that the intrusion 'occur[red] in a manner highly offensive to a reasonable person.'" *Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 946 (S.D. Cal. 2024). Plaintiffs do not meet either element.

Plaintiffs failed to engage with Defendant's argument that it cannot "intrude" on communications made to its own websites, instead merely calling it "unsupported." (Opp'n at 19:23.) But case law supports Defendant. *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal. 2024) ("Courts have been unwilling to find a cognizable privacy interest in browsing data from users on Defendant's own website. This Court agrees . . . and declines to find a privacy interest in Plaintiff's interactions with Defendants' own website when they choose to use that website.") (citations omitted); *see also Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1086 (C.D. Cal. 2021); *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019). The same rationale applies in the CIPA context: A party to a conversation cannot eavesdrop on its own communications. *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation.").

Furthermore, as previously explained, Plaintiffs failed to allege that they have a reasonable expectation of privacy in the information allegedly collected. (*See supra*, section I.A-B.) Instead, courts routinely hold that disclosure of such information does not support a privacy claim. *See, e.g.*, *Fredenberg v. City of Fremont*, 119 Cal. App. 4th 408, 423 (2004); *Low*, 900 F. Supp. 2d at 1025.

Finally, even if Plaintiffs had a reasonable expectation of privacy in the alleged information, they failed to allege that any intrusion occurred in a "highly offensive" manner because collection of this type of information reflects "routine commercial behavior" that courts regularly accept. *Hammerling*, 615 F. Supp. 3d at 1090; *Folgelstrom*, 195 Cal. App. 4th at 992; *Low*, 900 F. Supp. 2d at 1025. *See also Mikulsky v. Bloomingdale's LLC*, No. 3:23-CV-00425-L-VET, 2024 WL 3091395, at *4 (S.D. Cal. May 14, 2024) (defendant's use of session replay software that collected website communications not "highly offensive"), *rev'd on other grounds*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025).

### H. Plaintiffs Fail to Plead Punitive Damages.

Plaintiffs can only muster a single sentence allegation in their 224-paragraph Complaint to support their argument that they have sufficiently alleged entitlement to punitive damages: "Defendant's use of the third-party resources on the Websites was and is done so pursuant to agreements between Defendant and those third parties." (Opp'n 22:14-18; Compl. ¶ 19) Website design and even alleged agreements with Third Parties to install cookies and tracking software on the Websites do not indicate a "corporate-wide" approach to operations, unlike those in the case cited in the opposition. *See Crowder v. Shade Store, LLC*, No. 23-CV-02331-NC, 2024 WL 4868313, at *10 (N.D. Cal. June 26, 2024) (allegations of years of allegedly wrongful conduct "likely implicate[d] the company's bottom-line revenue and require[d] coordination from a range of company teams"); *Jager v. Davol Inc.*, No. EDCV161424GBKKX, 2016 WL 6157942, at *7 (C.D. Cal. Oct. 20, 2016) (court found directorial responsibility, relying on allegations that the defendant delayed informing the FDA and other agencies about problems caused by its pharmaceutical device and delayed issuing recall notices); *Ruhnke v. Skinmedica, Inc.*, No. SACV140420DOCJPRX, 2014 WL 12577172 (C.D. Cal. Sept. 5, 2014) (allegations about the defendant's extensive marketing, selling, labeling, and packaging that omitted key facts about the products showed "corporate-wide" conduct).

**I. Plaintiffs' Unjust Enrichment Claims Fail with their Defective Fraud Claim.**

Unjust enrichment claims are permitted when "a claim [is brought] that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (cleaned up). As discussed above, Plaintiffs fail to adequately plead their fraud claims under Rule 9(b), so they have not "establish[ed] the requisite relationship" between their fraud and unjust enrichment claims by alleging Defendants "ha[ve] been unjustly conferred a benefit through . . . fraud." *See B.K. v. Desert Care Network*, No. 23-CV-05021, 2024 WL 1343305, at *11 (C.D. Cal. Feb. 1, 2024) (cleaned up). This Court should dismiss Plaintiffs' unjust enrichment claims. *See Hammerling*, 615 F. Supp. 3d at 1096–97 (dismissing unjust enrichment claim where plaintiffs failed to plead fraud with particularity); *Desert Care*, 2024 WL 1343305, at *11 (same).

**V. THE COURT SHOULD GRANT DEFENDANT'S MOTION TO STRIKE.**

Plaintiffs do not dispute that they never visited 8 of the 13 Websites identified in the Complaint, but they oppose striking the unvisited Websites on the basis that they are designed in ways that are identical or like the websites they ***did*** visit, making them "central" to the litigation. (Opp'n 23:5-9.) But because Plaintiffs did not allege that they ever visited these Websites, they are not plausibly "relevant to the litigation." *Hamzeh v. Pharmavite, LLC*, No. 24-CV-00472-HSG, 2025 WL 621891, at *7 (N.D. Cal. Feb. 26, 2025). Plaintiffs would suffer no prejudice from striking these websites, since they claim no injury from them, and striking them would streamline the resolution of this action if it were to proceed. *Id.* at *3.

**VI. CONCLUSION.**

Plaintiffs have failed to establish that they have Article III standing or that the Court can exercise personal jurisdiction over Defendant. Plaintiffs have also failed to allege any viable claim against Defendant on the merits. The Court should dismiss Plaintiffs' entire case.

Dated: May 29, 2026 MANATT, PHELPS & PHILLIPS, LLP

By: *Brad W. Seiling*

Brad W. Seiling
Brandon Wong
Attorneys for Defendant
RECKITT BENCKISER, LLC